(No. 74-CV-10— )

ASHOUR BADALPOUR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 15, 1975.*

ASHOUR BADALPOUR, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 15, 1974, at 810 South Kilbourn, in Chicago. Ashour Badalpour seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and

other evidence submitted before the Court, the Court finds:

1. That the claimant, Ashour Badalpour, age 22, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-4.*)

2. That on February 21, 1974, at approximately 11:00 p.m., the claimant was driving in his car with two friends, Simon Pera and Ninus Ushana, in the area of Glenwood and Winnemac, when a 1969-70 brown Buick pulled up beside them, blocking their lane of traffic. The claimant recognized the occupants of the Buick on sight and believed them to be members of the TJO street gang. After some obscenities were exchanged, both drivers and passengers got out of their cars. The driver of the Buick went back to his car, grabbed a baseball bat and struck one of the claimant's passengers, Ninus Ushana. A fist fight ensued among all occupants of both cars.

When the fight was over, the claimant went to the aid of one of his friends and the assailants jumped in their car and sped away as the police approached the scene in response to a call of a disturbance in the area. The claimant was able to drive himself and his two friends to the Edgewater Hospital.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the criminal offense was promptly reported to law enforcement officials. That claimant has fully cooperated with their requests for assistance, but has not been able to make a positive identification of his assailants.

5. That the victim and his assailants were not related nor sharing the same household.

6. That the claimant was hospitalized at Edgewater Hospital from February 22, 1974, to February 24, 1974, where he was treated for a severe contusion to the lumbar area.

7. That the claimant was unable to work as the result of his injury from February 21, 1974, until March 3, 1974, a total of 10 days. That claimant's average earnings immediately preceding his injury was $600 per month.

That the Court shall determine loss of earnings based on the victim's average monthly earnings or $500 per month, whichever is less. The maximum rate per day based on $500 per month is $16.45. As the claimant was unable to work for 10 days, the maximum loss of earnings that this Court can award is $164.50.

8. That the claimant has incurred medical, hospital expenses and loss of earnings as follows:

| | | |
|---|---|---|
| 1) | Hospital | $331.90 |
| 2) | Doctor | 75.00 |
| 3) | Loss of Earnings | 164.50 |
| | | $571.40 |

9. That the claimant has received no benefits or reimbursements, directly or indirectly, from any other source, nor is he entitled to any such benefits from any other source as the result of his injuries.

10. That in determining the amount of compensation to which the applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00, the amount of compensation to which the claimant is entitled is $371.40.

IT IS HEREBY ORDERED that the sum of $371.40 be awarded Ashour Badalpour, as an innocent victim of a violent crime.